# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **JOANNA LEE FISCHER, ET AL.** * | |
| Plaintiffs, * | |
| v. * | Case No.: PX-8:17-cv-2981 |
| **UNITED STATES OF AMERICA, ET AL.** * | |
| Defendants. * | |

* * *

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Joanna Lee Fischer and Keivan Mokhtari Naseri's (Plaintiffs) Motion for Expedited Hearing in their suit brought against the United States of America, Attorney General Jefferson B. Sessions, Secretary of the Department of Homeland Security Elaine Duke, and United States Secretary of State Rex W. Tillerson (Defendants). Plaintiff Mokhtari is a citizen of Iran. ECF No. 1 at ¶ 2. The Plaintiffs seek declaratory relief from the Defendants' alleged arbitrary and capricious refusal to review Plaintiff Mokhtari's visa application, in violation of the Immigration and Nationality Act, 8 U.S.C. §§ 1101 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. §§ 500 *et seq.* The Plaintiffs also petition this court to issue a writ of mandamus compelling the Defendants to complete Mokhtari's visa application review before October 18, 2017, when the revised Executive Order banning the issuance of immigrant and non-immigrant visas to citizens of Iran is scheduled to take effect. ECF No. 1 at 8–9. For the reasons discussed below, the Motion for Expedited Hearing, ECF No. 2, is **DENIED** without prejudice and with leave to refile.

First, it bears noting that the Defendants have not been served or otherwise been given notice of this suit. Ordinarily after proper service has been effected, the Defendants would have 60 days to answer or otherwise respond to the complaint. Fed. R. Civ. P. 12(a)(2). The Plaintiffs seek substantive redress within the next week, prior to October 18, 2017. It is not entirely clear on what legal basis the Plaintiffs seek this relief. However, because the defendants have not been served, nor does the recorde reflect that the Defendants have been given prior notice, the Court will construe this motion as one requesting *ex parte* injunctive relief pursuant to Federal Rule of Civil Procedure 65. *See* Fed. R. Civ. P. 65(b)(1).

Rule 65(b)(1) provides that a court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*" the movant "has filed an affidavit or verified complaint clearly showing immediate and irreparable injury . . . will result to the movant before the adverse party can be heard," *and* "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1), (b)(1)(A)–(B). "The requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process." *Parker v. Am. Brokers Conduit*, No. CV JKB-15-3652, 2015 WL 7751664, at *2 (D. Md. Dec. 1, 2015) (quoting *Tchienkou v. Net Trust Mortg.*, No. 3:10–CV–00023, 2010 WL 2375882, at *1 (W.D.Va. June 9, 2010)). The Plaintiffs have not yet complied with Rule 65's requirements, and so their requested relief must be denied.

To the extent that the Plaintiffs seek expedited review on grounds other than Rule 65(b)(1), the Plaintiffs have not articulated the legal bases for such a request that comports with fundamental principles of due process. ECF No. 2. Accordingly, the Plaintiffs' Motion for Expedited Hearing is **DENIED** without prejudice to refile in compliance with the requirements

of Federal Rule of Civil Procedure 65, or to set forth other legal bases for this Court to entertain the requested relief.

| | |
|---|---|
| 10/12/2017 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |